**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GUILLERMO RODRIGUEZ,** | ) | |
| **ID # 1679572,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-1721-G-BH** |
| | ) | |
| **CHRIS BENTLEY, et al.,** | ) | |
| **Defendants.** | ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Based on the relevant filings and applicable law, plaintiff's claims against Defendant Kent McGuire should be **DISMISSED**, and his habeas claims should be **DISMISSED** without prejudice to reasserting them in a habeas petition.

**I. BACKGROUND**

On July 8, 2011, plaintiff filed suit against Italy Police Officers Chris Bentley and Mike Adams and defense attorney Kent McGuire under 42 U.S.C. § 1983. He claims that Defendants Bentley and Adams violated his constitutional rights by using excessive force during his arrest on July 8, 2009, and that Defendant McGuire was ineffective in his representation of Plaintiff at his subsequent trial for aggravated assault (the offense for which he was arrested) and assault on a public servant. (Compl. at 3, 6-9). He seeks monetary damages, injunctive relief, and reversal of his convictions. (Answers to Magistrate Judge's Questionnaire ("MJQ") 5, 7).[1]

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma*

---

[1] Answers to the questions posed by the Court constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id.*  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A.  Habeas Relief

Plaintiff asserts claims for ineffective assistance of trial counsel and challenges his convictions for aggravated assault and assault on a public servant.  (MJQ Ans. 6).  To the extent that he seeks release or equitable relief based on these contentions, those claims must be pursued initially in habeas corpus proceedings.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Serio v. Members of Louisiana State Bd. Of Pardons*, 821 F.2d 1112, 1118-19 (5th Cir. 1987).  These claims should therefore be dismissed without prejudice to plaintiff asserting them in a habeas action.[2]

## B.  No State Action

Plaintiff also sues his appointed attorney for failing to adequately represent him at trial. (Compl. at 8-9; MJQ, answer 6).

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").  Although a private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff has made no allegation that his attorney was

---

[2]Because plaintiff requests monetary relief and has clearly filed this action under § 1983, it will not be construed as a petition for a writ of habeas corpus.  Even if so construed, the action would be subject to summary dismissal for failure to exhaust state remedies.  Plaintiff's convictions were affirmed on direct appeal, *Rodriguez v. State*, Nos. 13-10-406-CR, 13-10-412-CR (Tex. App. Corpus Christi, Feb. 2011, pet. dism.), but the Texas Court of Criminal Appeals has not yet ruled on any state writ challenging these convictions.  (*see* www.cca.courts.state.tx.us, search for plaintiff).

a state actor.  He only complains that he did not take adequate action in his cases.  Because Plaintiff

has failed to state a viable § 1983 claim, the claims against his attorney should be dismissed.

## C.  Claims Against Police Officers

Plaintiff also sues two officers of police department in Italy, Texas.  He alleges that they used

excessive force during his arrest on July 8, 2009, resulting in him sustaining a fractured arm and

wrist, among other injuries.  Plaintiff seeks monetary damages, as well as declarative and injunctive

relief. (MJQ Ans. 1-3, 7).

### 1.  Officer Mike Adams

Plaintiff alleges that Defendant Adams hit him in the face repeatedly, kicked him in the

center of his chest, pressed his head into the ground with his boot, sprayed him with mace after he

was handcuffed and lying on the ground, and yelled racial epithets at him.  (MJQ, Ans. 2).

The Fourth Amendment of the United States Constitution protects individuals from excessive

force during an arrest or other seizure.  *See Graham v. Conner*, 490 U.S. 386, 395 (1989).  To

prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not

"applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously

and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v.

Albers*, 475 U.S. 312, 320-21 (1986)).  Plaintiff's allegations that Defendant Adams hit, kicked, and

pushed him with his boot while he was lying on the ground, not resisting or struggling state a

plausible claim that Defendant Adams did not apply the force used against him in a good-faith effort

to maintain or restore discipline.

### 2.  Officer Chris Bentley

Plaintiff alleges that during his arrest, Defendant Bentley twisted his arm, slammed him

against his vehicle, hit him in the back of his head with an elbow, restrained his neck with an elbow and arm, and kicked him twice in the back.  (MJQ, Ans. 1).  Plaintiff was charged with assaulting Bentley during the arrest, and Bentley testified at trial that plaintiff kicked the police car door rather than get in after his arrest, causing them both to fall to the ground and injuring Bentley's elbow. *Rodriguez v. State*, 2011 WL 345934, *1 (Tex. App.-Corpus Christi Feb. 3, 2011).  Plaintiff was convicted based on a finding that he: 1) intentionally, knowingly, or recklessly caused bodily injury to Officer Bentley; 2) Officer Bentley was a public servant; 3) plaintiff knew Officer Bentley was a public servant; and 4) Officer Bentley was lawfully discharging his official duties at the time of the assault.  *Id*, slip op. at *3.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, a complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  The Fifth Circuit has held that a civil rights complaint alleging excessive force by a police officer is barred by *Heck* when a plaintiff has been convicted in Texas state court for aggravated assault of a police officer arising out of the same incident.  *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999).  The court found that the excessive force claim necessarily implied the invalidity of the conviction because a conviction for aggravated assault requires proof that a defendant caused serious bodily injury.  Under Texas law, a police officer may use force, up to and including deadly force, to resist a defendant's aggravated assault.  Any force used by a police officer to defend himself against an aggravated assault therefore cannot be considered excessive force.  *Id*.

5

at 237; *see also Hainze v. Richards*, 207 F3d 795 (5th Cir. 2000) (holding that a § 1983 claim of excessive force by a police officer is *Heck*-barred where plaintiff was convicted in state court of aggravated assault arising out of the same events).

The Fifth Circuit has also held, however, that a § 1983 excessive force claim is not *Heck*-barred where the plaintiff was convicted of simple assault by menacing against the police officer because this conviction was not inconsistent with his claim that the officer used excessive force in shooting him through the mouth. *Ballard v. Burton*, 444 F.3d 391, 399-401 (5th Cir. 2006).  The court noted that a judgment in Ballard's favor with respect to his excessive force claim could co-exist with his conviction for simple assault without calling into question any aspect of that conviction.  *Id.* at 401.  The Fifth Circuit has noted that "the *Heck* determination depends on the nature of the offense and of the claim."  *Arnold v. Slaughter*, 100 Fed. Appx. 321, 323 (5th Cir. 2004).  More recently, the court reversed a lower court's finding that an excessive force claim was *Heck*-barred by a prior conviction for resisting arrest, holding that there was a genuine issue of material fact as to whether the plaintiff had ceased her efforts to resist arrest prior to the alleged excessive force, thereby not necessarily implying the invalidity of her conviction.  *Bush v. Strain*, 513 F.3d 492, 497-99 (5th Cir. 2008).

As noted earlier, plaintiff was convicted of assault, not aggravated assault.  Therefore, he was not convicted of inflicting serious bodily injury on Defendant Bentley, such that any force used by Bentley to defend himself could not as a matter of law be considered excessive.  The conviction rested on testimony from Bentley at the state trial that plaintiff kicked the police car door, causing Bentley to fall and injure his elbow.  *Rodriguez*, slip op. at *1.  In his answers to questions posed by this Court, plaintiff acknowledges kicking the car door, although he contends that he did so

6

because he was being pushed towards the vehicle by the officers and reacted out of fear of having his head hit the car. (MJQ, Ans. 1). Plaintiff further alleges that before this occurred, Defendant Bentley injured his wrist and arm by twisting his arm behind him inside of his home, hit him with his elbow, and restrained his neck with an elbow and arm, and that he was lying on the ground not resisting arrest after having fallen when Bentley kicked him in the back. *Id.*

Based on plaintiff's conviction for assault and the nature of his claims against Defendant Bentley, it is possible that at least some of his factual allegations against Bentley could co-exist with his conviction for assaulting Bentley without calling it into question. Plaintiff alleges Bentley used excessive force before and after the assault, and that the use of force was not in a good-faith effort to maintain or restore discipline, but instead, malicious and sadistic. (MJQ, ans. 1). Plaintiff's allegations of excessive force against Defendant Bentley are therefore not frivolous or based on an indisputably meritless legal theory and state a plausible § 1983 claim.

## IV. RECOMMENDATION

The Court should **DISMISS** Plaintiff's habeas claims without prejudice to him asserting them in a habeas action. Plaintiff's claims against Kent McGuire should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's excessive force claims against Defendants Bentley and Adams under 42 U.S.C. § 1983 should be permitted to proceed.

**SIGNED this 19th day of October, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE